# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

## Houston Division

## Case No.:

**NANCY VEAR,**

**Plaintiff,**

**v.**

**ESTES EXPRESS LINES,**

**Defendant.**

_____

### ESTES EXPRESS LINES' NOTICE OF REMOVAL
_____

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS.**

1. The Petition of ESTES EXPRESS LINES respectfully shows, upon information and belief, that it is the named Defendant in the above entitled action which is now pending in the Justice Court, Precinct No. Three, in and for the County of Montgomery.

2. That on or about the 30th day of September, 2020, this action was served on Petitioner in the aforesaid court by mail service of a Justice Court Citation and Petition: Small Claims Case, a copy of which is annexed hereto, which was the first time Petitioner was served with the Petition: Small Claims Case.

3. No further proceedings have been had in said action, and the time of

Petitioner within which to file a Notice of Removal has not expired. The controversy herein as appears from the face of the Petition: Small Claims Case is, in substance:

An action to recover for alleged loss, damage, delay or injury to cargo transported in interstate commerce by a motor carrier, wherein damages claimed exceed $10,000.00. Petition: Small Claims Case, ¶ 1.

4. Petitioner, ESTES EXPRESS LINES, was at all times material hereto a motor carrier engaged in transportation subject to the jurisdiction of the Surface Transportation Board of the U.S. Department of Transportation, operating under Federal Motor Carrier Safety Administration Docket Number MC097275, and governed by the requirements of the provisions of an Act entitled:

> "The ICC Termination Act of 1995" approved December 29, 1995 and the various acts amendatory thereof and supplemental thereto, commonly known as the Interstate Commerce Act, being Title 49, United States Code, §13101, et seq.

5. As recited in the petition, this matter concerns a civil action for breach of a contract arising out of the interstate transportation of Plaintiff's merchandise from Ohio to Texas.  Petition: Small Claims Case, ¶ 1, attachment.

6. The Petition: Small Claims Case alleges ESTES EXPRESS LINES' breach of an interstate shipping agreement, which claim is exclusively governed by the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706. Petition: Small Claims Case, ¶ 1, *passim*. ESTES EXPRESS LINES' liability, if any, is governed exclusively by the Carmack Amendment.

7. Plaintiff is seeking damages in excess of $10,000.00, Petition: Small Claims Case, ¶ 1, which meets the jurisdictional threshold set forth in 28 U.S.C. §1337(a), and this

entire action is therefore removable to this court pursuant to the provisions of 28 U.S.C. §§1331, 1337(a), 1441(a), 1441(b), and 1445(b).

8. Accordingly, based on the allegations contained in the Petition: Small Claims Case, the above entitled action is a suit of a civil nature of which this court has original jurisdiction under the provisions of Title 28, United States Code, §1337 and Title 49, United States Code, §13501, *et seq.*, and is one which may be removed to this court by Petitioner, the Defendant therein, pursuant to the provisions of Title 28, United States Code, §§1441 and 1445, in that it is a civil action now pending in the Justice Court, Precinct No. Three, in and for the County of Montgomery, against a motor carrier to recover damages for alleged loss, damage, delay or injury to a shipment transported in interstate commerce, arising under the Carmack Amendment to the Interstate Commerce Act, Title 49, United States Code, §14706.  ESTES EXPRESS LINES' liability, if any, is governed exclusively by the Carmack Amendment.  Hoskins v. Bekins Van Lines, 343 F. 3d 769 (5th Cir. 2003) ("...Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete pre-emption doctrine applies.")

9. ESTES is sued herein under the laws of the United States, specifically the Interstate Commerce Act and Code of Federal Regulations, and federal law exclusively governs Plaintiff's claims and alleged damages.

10. Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

11. To determine whether an action "arises under" federal law for the purpose of federal question removal, the court must look to the complaint. <u>American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.</u>, 422 F.2d 462, 463-468 (8th Cir. 1970).

12. The United States Supreme Court held in <u>Thurston Motor Lines, Inc. v. Rand, Ltd.</u>, 460 U.S. 533, 535 (1983):

> As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

13. In <u>Hughes Transportation v. United States</u>, 121 F. Supp. 212, 228 (Ct. Cl. 1954), the Court of Claims held:

> Transportation contracts, like contracts for services in most of the other state or federally regulated industries, such as communications and power and light, etc., are fundamentally different from the ordinary contract in that the respective duties of the contracting parties are carefully defined by statute, and their rights--indeed, their very freedom to contract in certain respects--are strictly limited by those statutes regardless of the parties' knowledge of those restrictions or of their manifest desire to contract otherwise.

14. The United States Supreme Court has consistently held that interstate shipping contracts are creatures of federal law and governed thereunder:

> The Bill of Lading is the basic transportation contract between the shipper and the carrier; its terms and conditions bind the shipper and all . . . carriers. <u>Texas and Pacific R Co. v. Leatherwood</u>, 250 U.S. 478, 481 (1991). Each [term] has in effect the force of statute, of which all affected must take notice.

<u>Southern Pacific Transportation Co. v. Commercial Metals</u>, 456 U.S. 336, 342-343

(1982).

15. The principle that an interstate Bill of Lading must be construed under federal law was reiterated in <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 214 (1985):

> While the nature of the state tort is a matter of state law, the question whether the Wisconsin tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law.

16. Based on the relevant facts and applicable law, this action arises under the laws of the United States within the meaning of 28 U.S.C. §§ 1331 and 1337. <u>Garrett v. Time - D.C.</u>, 502 F.2d 62 (9th Cir. 1974):

> As the shipment was interstate, the bill of lading was issued pursuant to the Federal Act, the question whether the contract thus set forth had been discharged was necessarily a Federal question. The construction of the clauses of the bill of lading, adopted by the Commission and prescribed by Congress for interstate . . . shipments presents a federal question ... Such has been the consistent ruling of this Court . . . Since the clauses of the Uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Commission in exercise of commerce power, they have the force of federal law and questions as to their meaning arise under the laws and Constitution of the United States.

17. This Notice of Removal is filed within thirty (30) days of ESTES' receipt of the Petition: Small Claims Case by mail service, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

18. Petitioner desires to remove this action to the United States District Court for the Southern District of Texas.

19. After the filing of this Petition for the removal of this action to the United States District Court for the Southern District of Texas, written notice of the filing of this

Petition will be given by the attorneys for the Petitioner to the attorneys for the Plaintiff, as provided by law, and copies of this Petition will be filed with the clerk of the Justice Court, Precinct No. Three, in and for the County of Montgomery.

20. Petitioner has good and sufficient defense to this action.

21. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, Petitioner prays that this Court grant the removal of this cause to the District Court of the United States for the Southern District of Texas, in which district this suit is pending.

Respectfully submitted,

By: /s/ *LAWRENCE J. ROBERTS*
LAWRENCE J. ROBERTS, ESQ.
Attorney-in-Charge
Florida Bar No.: 343218
S. D. Tex. Bar No. 20812

**Lawrence J. Roberts & Associates, P.A.**
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883
Email: lroberts@lrobertsandassociates.com

Attorneys for Defendant